IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| PATRICK MOCCALDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PRATT CITY FORD, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

PLAINTIFF Patrick Moccaldi, by and through his undersigned counsel A. Scott Waddell of the Waddell Law Firm LLC, and for his Complaint versus Defendant Pratt City Ford, LLC, states and alleges as follows:

### INTRODUCTION

1.      This case surrounds Plaintiff Patrick Moccaldi's purchase of a 2014 Land Rover from Defendant on or about February 20, 2021 and his failure to receive the title from Defendant.

### PARTIES

2.      Plaintiff Patrick Moccaldi is a consumer and resident of and domiciled in New Port Richey, Florida.

3.      Defendant Pratt City Ford, LLC is a Kansas limited liability company doing business in Pratt, Kansas with no members domiciled and/or residents of Florida according to Defendant's attorney Bill Green's representation to this undersigned on Tuesday, July 5, 2022.

### VENUE AND JURISDICTION

4.      Venue and jurisdiction are proper herein as all the parties are diverse and the amount at stake in its totality exceeds $75,000.00.

## FACTS COMMON TO ALL COUNTS

5.      Plaintiff purchased, or at least attempted to purchase, a used 2014 Land Rover ("subject vehicle") from Defendant on or about February 20, 2021.

6.      As part of that transaction, Plaintiff agreed to finance and pay a total of approximately $38,577.29 for the subject vehicle.

7.      Defendant did not timely provide the subject vehicle's title to Plaintiff despite Plaintiff's repeated requests for same.

8.      Specifically, K.S.A. 8-135(c)(7) provides that it is "unlawful" to sell a vehicle in the state of Kansas *unless* "at the time of delivery .... or at a time agreed upon by the parties, not to exceed 60 days, inclusive of weekends and holidays, after the time of delivery, there shall pass between the parties a certificate of title with an assignment thereof."  Failure to comply with this requirement renders the sale "fraudulent and void."  Kansas courts interpret this aforementioned statute strictly. *Werdann v. Mel Hambleton Ford, Inc.*, 79 P.3d 1081, 1087 (Kan. App. 2003), rev. denied (2004) ("title to [the vehicle] had not been delivered to Werdann within 30[1] days of her purchase, causing the sale to become void pursuant to KSA 2002 8-135(c)(7)."); *Perry v. Golff Motors, Inc*., 736 P.2d 949, 952 (Kan. App. 1987) ("Kansas cases have consistently held that these provisions of the Motor Vehicle Registration Act 'mean exactly what they say; that they are to be literally interpreted and strictly enforced; and that failure to comply therewith renders the sale of a vehicle required to be registered under the Act fraudulent and void.'" (listing cases)); *Griffin v. Sec. P. Auto Fin. Servs. Corp*., 995 F.Supp. 1266, 1268 (D. Kan. 1998) ("In Kansas, all sales of motor vehicles are rendered fraudulent and void if the seller fails to assign certificate of title to the buyer within thirty days of the vehicle's

---

[1] At the time, title was required to pass within 30 days.  In 2012, the Kansas Legislature amended 8-135(c)(7) to extend that period to 60 days. 2012 Kan. Laws Ch. 130 (S.B. 300).

delivery … It is well-settled that the provisions relating to certificates of title, including section 8-135, are to be literally interpreted and strictly enforced").

9.      A good faith *attempt* to deliver the title is not enough. *Goff Motors*, 736 P.2d, at 953 ("While Goff Motors may have made an ostensibly good faith attempt to deliver the title to the plaintiffs after the agreed-upon time had expired, the fact is that a title did not pass between the parties within those fifteen days.").

10.     Further, Defendant falsely represented to Plaintiff that he had to purchase an extended service contract for an additional $1,000.00 in order to purchase the subject vehicle because the vehicle was a certified pre-owned vehicle.  Requiring such a purchase of an extended service contract and/or warranty in order for a consumer to purchase and/or finance a vehicle is illegal.

## PLAINTIFF'S ATTEMPT TO ARBITRATE

11.     On or about February 22, 2022, Plaintiff, through his undersigned attorney, filed an arbitration regarding the issues articulated above pursuant to the parties' Retail Installment Sale Contract.

12.     In doing so, Plaintiff paid the American Arbitration Association ("AAA") a filing fee of $200.00.

13.     On March 25, 2022, AAA sent correspondence to Defendant and requested filing fees in the amount of $3,050.00 as Defendant's share of the arbitration expenses under AAA's Consumer Arbitration Rules.  This correspondence stated payment was due by Defendant by April 11, 2022.

14.     When Defendant failed to pay the requested arbitration fees, AAA sent Defendant yet another letter on April 12, 2022, stating, in pertinent part, "We have not received

the administrative fees and arbitrator compensation from respondent as requested in our previous correspondence. **Respondent is requested to remit payment in the amount of $3050 to the AAA to be received by April 26, 2022**."

15.     On May 4, 2022, AAA sent Defendant correspondence, stating in pertinent part, "As of this date we have not received the required fees from Pratt City Ford, LLC in this matter. Accordingly we must decline to administer the case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer the arbitration, either party may choose to submit its dispute to the appropriate court for resolution."

16.     In short, despite representing to Plaintiff in writing that Defendant would arbitrate "any claim or dispute" between Plaintiff and Defendant, Defendant refused to engage in same, further necessitating the filing of this case.

**COUNT ONE**
**VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT**

For Plaintiff's cause of action against Defendant under Count I of this Petition, Plaintiff states and alleges as follows:

17.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully set forth herein.

18.     The Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq*., prohibits deceptive and unconscionable acts and practices in connection with consumer transactions.

19.     The KCPA is liberally construed to promote its policies of protecting consumers against suppliers that commit deceptive and unconscionable acts and/or practices. *Williamson v. Amrani*, 283 Kan. 227, 234 (2007).

20.     Violations of the KCPA may occur before, during, or after the consumer transaction.

21.     Plaintiff is a "consumer" under the Kansas Consumer Protection Act ("KCPA").

22.     Defendant is a "supplier" as defined by K.S.A. § 50-624.

23.     The purchase of the subject vehicle, and/or its attempted purchase, was a "consumer transaction," as defined by K.S.A. § 50-624 (c).

24.     Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of the Defendant's conduct and inability to timely tender title to Plaintiff and Defendant's express refusal to arbitrate despite their adhesion contract requiring same.

25.     Defendant's violations of § 50-626, Deceptive Acts and Practices, include, but are not limited to, the following:

    a.  Making false and/or misleading representations of fact, knowingly or with reason to know, in violation of K.S.A. § 50-626(a);

    b.  Making willful use, in oral and/or written representations, of an exaggeration, falsehood, innuendo, or ambiguity as to a material fact, in violation of K.S.A. § 50-626(b)(2);

    c.  Willfully failing to state a material fact and/or willfully concealed, suppressed, and/or omitted a material fact, in violation of K.S.A. § 50-626(b)(3);

    d.  Falsely stating, knowingly or with reason to know, that the consumer transaction involves consumer rights, remedies or obligations, in violation of K.S.A. § 50-626(b)(8); and

    e.  Defendant has committed deceptive acts and/or practices in violation of K.S.A. § 50-626 which include, but are not limited to, the following:

        i.  Failing to timely tender the vehicle's subject title to Plaintiff under Kansas law;

        ii. Falsely stating to Plaintiff that he had to purchase an extended warranty and/or service contract in order to purchase the subject vehicle; and

      iii.  Refusing to engage in the arbitration filed by Plaintiff despite previously representing that Defendant would arbitrate; and

      iv.  Engaging in a pattern of conduct that, when taken in its totality, is and was deceptive.

26.     Defendant's violations of K.S.A. § 50-627, Unconscionable Acts and Practices, include, but are not limited to, the following:

a.  Failing to timely tender the vehicle's subject title to Plaintiff under Kansas law;

b.  Falsely stating to Plaintiff that he had to purchase an extended warranty and/or service contract in order to purchase the subject vehicle; and

c.  Plaintiff was unable to receive the bargained for material benefit from the subject of the transaction, in violation of K.S.A. § 50-627(b)(3).

d. Refusing to engage in the arbitration filed by Plaintiff despite previously representing that Defendant would arbitrate;

27.     Plaintiff is entitled to recover his actual damages or a civil penalty of $10,000.00 *per violation*, whichever is greater.

28.     Further, Plaintiff requests this Court for a permanent injunction precluding Defendant's use of any arbitration agreement further and finding that any existing arbitration agreements within Defendant's contracts to be void and unenforceable.

WHEREFORE, Plaintiff prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial or for civil penalties in the amount of $10,000.00 *per* violation, whichever is greater, in excess of $75,000.00, for pre- and post-judgment interest at the greatest rate allowed by statute, for Plaintiff's reasonable attorneys' fees per K.S.A. § 50-634, for his recoverable costs, for the equitable relief requested above, and for such other and further relief as may be just and proper under the circumstances.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

 /s/  A. Scott Waddell
A. Scott Waddell (KS #20955)
WADDELL LAW FIRM LLC
1900 West 75th Street, Suite 220
Prairie Village, Kansas 66208
Telephone: (816) 914-5365
Facsimile: (913) 347-7333
scott@aswlawfirm.com
ATTORNEY FOR PLAINTIFF